UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MITCHELL WALCK,<br><br>                    Plaintiff,<br><br>v.<br><br>CHAD EVERTON; and IDAHO STATE CORRECTIONAL INSTITUTIONAL DEPARTMENT ADMINISTRATORS, OFFICIALS, WARDEN, DIRECTOR, and SUPERVISORS,<br><br>                    Defendants. | Case No. 1:26-cv-00019-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Mitchell Walck's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.    **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## 2.     Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"). Plaintiff alleges that, in December 2023 and March 2024, he requested a razor from Correctional Officer Chad Everton. Everton gave Plaintiff five razors. *Compl.*, Dkt. 2, at 2. The IDOC's indigency policy permits indigent inmates only one razor. *Id*. at 6.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Plaintiff later returned four of the razors to a non-defendant correctional officer. *Id*. at 2, 6.

When Everton provided the razors, he also told Plaintiff to cut his beard down to one inch. Plaintiff asked Everton if he was ordering Plaintiff to shave his beard to one inch, and Everton responded, "You heard me." *Id*. at 2. Everton allegedly gave Plaintiff a "harassing" smirk and treated Plaintiff in a disrespectful manner. *Id*. at 2, 5.

The IDOC's grooming policy used to allow inmates to grow a beard to a maximum of one inch. *See Hogan v. Idaho State Bd. of Corr.*, No. 1:16-CV-00422-CWD, 2018 WL 2224045, at *1 (D. Idaho May 15, 2018) (unpublished). In 2019, however, the IDOC changed its policy to permit beards up to five inches. *Compl*. at 2.

Plaintiff sues Officer Everton, as well as unidentified employees of the IDOC. Plaintiff asserts a First Amendment free exercise claim and also contends that Everton violated prison policy. *Id*. at 2, 6.

## 3.    Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A.    *Standards of Law for § 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. *Compl*. at 1. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

> **B.    The Complaint Fails to State a Plausible Free Exercise Claim**

Plaintiff claims his First Amendment right to free exercise of religion was violated when Everton told him to shave his beard to one inch in length.

The Free Exercise Clause of the First Amendment absolutely protects the right to believe in a religion—it does not absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296, 303–04 (1940). Inmates retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). An inmate who is an adherent of a minority religion must be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam). A prison need not, however, provide "identical facilities or personnel" for "every religious sect or group within a prison," and a "special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand." *Id.* at 322 n.2.

To serve as a basis for a viable claim challenging a prison restriction under the Free Exercise Clause, an inmate's belief must be both "sincerely held" and "rooted in religious belief." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (internal quotation marks omitted). Further, the burden placed on the inmate's religious exercise by the defendants' actions must be substantial. *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

Challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Jones v. N.C. Prisoners' Union*, 433 U.S. 119, 125 (1977) (quotation omitted). What constitutes a reasonable opportunity for religious exercise, therefore, must be evaluated within the context of a prison's need for security, among other legitimate goals. *O'Lone*, 482 U.S. at 350–53 (1987) (holding that a prison's policy of not allowing Muslim inmates on work detail to return to the prison to attend Jumu'ah, a group worship service, did not violate the Constitution).

So long as a restriction on an inmate's religious practice "is reasonably related to legitimate penological interests," that restriction is valid. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Factors to be considered in this reasonableness inquiry include (1) whether there is a logical connection between the governmental interest and the particular policy or decision at issue; (2) whether "alternative means of exercising the right remain open to prison inmates"; (3) the impact that accommodating a prisoner's religious practice would have on "other inmates, on prison personnel, and on allocation of prison resources generally"; and (4) whether there is an absence of "obvious, easy alternatives" to the policy or decision. *O'Lone*, 482 U.S. at 350–53 (internal quotation marks and alterations omitted). Courts must take care to avoid "substitut[ing] [their] judgment on difficult and sensitive matters of institutional administration." *Id*. at 353 (internal quotation marks and alteration omitted).

The Ninth Circuit has held that a prison regulation prohibiting beards—with the exception of medically necessary beards, which could be a maximum of one-quarter of an

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

inch in length—is reasonably related to legitimate penological interests. *Friedman v. Arizona*, 912 F.2d 328, 331 (9th Cir. 1990).[1] Because the one-inch beard requirement set forth by Everton is not as restrictive as the policy upheld in *Friedman*, Plaintiff's free exercise claim fails as a matter of law.

### C.     *Plaintiff's Claim Based on Violation of Prison Policy Is Implausible*

Plaintiff claims Everton violated prison policy by stating that Plaintiff's beard could be only one inch long and by providing Plaintiff with four razors instead of only one. However, violations of state prison policies cannot support a § 1983 claim. *See Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994) (holding that, as long as minimum constitutional requirements are met, a prison need not comply with its "own, more generous procedures"), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Huron Valley Hosp. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) ("[Section 1983] is thus limited to deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates *state* law.") (relying on *Baker v. McCollan*, 443 U.S. 137, 146 (1979)).

"It is not the function of this Court to review regulations established by prison

---

[1] As the Ninth Circuit has explained, the *Friedman* analysis does not apply to claims under the Religious Land Use and Institutionalized Persons Act ("**Error! Main Document Only.**RLUIPA"), 42 U.S.C. § 2000cc *et seq*. *See Warsoldier v. Woodford*, 418 F.3d 989, 997–98 (9th Cir. 2005). However, *Friedman* still applies to religious claims brought under the Free Exercise Clause of the First Amendment. The Court notes that Plaintiff does not assert a claim under **Error! Main Document Only.**RLUIPA. Even if Plaintiff had included such a claim, however, it would be implausible. Plaintiff sues individual Defendants, and such defendants may not be sued under RLUIPA unless they have personally consented to suit. *Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 609 U.S. ___, No. 23-1197, 2026 WL 1791277, at *6 (U.S. June 23, 2026). Further, RLUIPA does not permit claims for monetary damages. *Wood v. Yordy*, 753 F.3d 899, 902–04 (9th Cir. 2014). Because the Complaint does not allege facts tending to show that Defendants consented to suit, and because Plaintiff seeks monetary damages, any RLUIPA claim is implausible.

authorities unless a constitutional violation is presented." *Lowrey v. Walton Cty. Sheriff's Dep't*, No. 3:07-CV-121-CDL, 2008 WL 660332, at *3 (M.D. Ga. Mar. 5, 2008) (unpublished). Accordingly, the Complaint fails to state a claim upon which relief may be granted based on Everton's alleged violations of prison policy.

**4.      Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory

provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

**ORDER**

**IT IS ORDERED:**

1.  The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

2.  If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

3.  Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: July 6, 2026

_____
David C. Nye
U.S. District Court Judge